THOMAS A. WEED, Plaintiff in Error, v. THE PEOPLE, &c., Defendants in Error.

To constitute a judgment record, it must be signed by a judge of the court.

The statute (2 R. S., p. 738, §4), authorizing the defendant, convicted or acquitted, &c., to cause a record to be made up, when the district attorney neglects to do so on request, has not dispensed with such necessity.

The district attorney is not authorized to sign the record, in lieu of a judge of the court; and if so signed by the district attorney only, it is not a judgment record.

The omission to state in the sentence in what prison the prisoner is to be confined, is not error.

The law determines the prison; and the court have no authority to incarcerate the prisoner in any other.

IN June, 1846, the plaintiff in error was indicted, tried and convicted in the Erie county Oyer and Terminer, of the crime of perjury. He was sentenced to three years imprisonment in the State prison.

A record of his conviction was made and filed in August, 1862, purporting to be signed by the then district attorney of said county of Erie. The record sets out the indictment at length; the arraignment and plea of the prisoner, and the joining of issue thereon.

"And afterwards, to wit, at a court of Oyer and Terminer and general jail delivery held in and for the county of Erie, at the court house in the city of Buffalo, on the 23d day of June, one thousand eight hundred and forty-six, before his Honor NATHAN DAYTON, circuit judge of the Eighth District circuit of the State of New York, and Dexter Ewell and John Brooks, justices of said court, comes the said Thomas A. Weed, and George P. Barker, district attorney, likewise comes.

"Therefore let a jury thereupon immediately come before the said justice last above mentioned, of free and lawful men of said county, each of whom hath, &c., by whom the truth of the matter may be better known, and who are not of kin to the said Thomas A. Weed, to recognize upon their oath, whether the said Thomas A. Weed be guilty of the

felony in the indictment aforesaid above specified, or not guilty.

"And the jurors of the said jury, by Ralph Plumb, sheriff of the said county of Erie, for this, empanneled and returned, to wit, Ira McCall, Deyton Brown, Isaac R. Calkins, William Calkins, Nathan Lyman, George Wood, Nathan Parells, Noah Townsend, Darius Smith, James Bloodgood, Benjamin Steward, Henry B. Sweet, who being called, come, and who being then and there elected, tried and sworn, well and truly to try and true deliverance make between the people of the State and the said Thomas A. Weed, then at the bar, whom they should have in charge upon the said indictment, and a true verdict give according to evidence; who upon their oaths aforesaid say that the said Thomas A. Weed is guilty of the felony above charged, in the form aforesaid, as by the indictment aforesaid is above alleged against him, and upon this it is demanded by the said Thomas A. Weed whether he hath or knoweth anything to say wherefore the said justice here ought not upon the premises and verdict aforesaid to proceed to the judgment against him, who nothing further saith unless as before he has said.

"Whereupon, all and singular the premises being seen and by the same justice here now fully understood, it is considered by the said justice, that the said Thomas A. Weed, for the felony aforesaid, be sentenced, and the said justice thereupon sentenced the said Thomas A. Weed to imprisonment in the State prison, at hard labor, for the term of three years."

On the same day that the record was filed, a writ of error removing the same to the Supreme Court of the eighth district was brought. That court affirmed the judgment and conviction, and the plaintiff in error sued out a writ of error to this court.

*Saunders & Caulkins*, for the plaintiff in error.

*C. C. Torrance*, district attorney, for the defendants in error.

DAVIS, J.   No point was made or suggested before the Supreme Court except one arising upon the form of the sentence; and that was that the sentence omitted to designate the State prison in which the plaintiff in error should be imprisoned.   The court, without looking further into the return, held that this omission was not error, as neither the sheriff nor the prisoner had been misled by it, and there was no reason to doubt the latter had enjoyed his term of service in a proper prison.

The statute does not require that the sentence shall specify the prison.  (3 R. S. 5th ed., 1089, § 99.)   It directs in what prison persons sentenced to imprisonment in the State prison in the several judicial districts, shall be confined; and the same section provides for the removal of convicts from one prison to another as circumstances may require, which would be inconsistent with a requirement that the sentence shall be absolute for some designated prison.   In declaring the punishment for perjury, the statute provides that the person convicted "shall be punished by imprisonment in a State prison." (3 R. S., 961.)  The better practice undoubtedly is to designate the prison in the sentence, but an omission to do so would not invalidate the judgment.

More than sixteen years had elapsed after the conviction and sentence of the plaintiff in error, before any record was filed, or writ of error brought.   A conviction for perjury attaches some consequences to the convict, which are supposed to be beyond the reach of executive clemency.   The statute declares that he "shall not thereafter be received as a witness, to be sworn in any matter or cause whatever, *until the judgment against him be reversed.*" (3 R. S., 5th ed., 960, § 1.) To such a convict it may in some cases be of considerable importance to regain the right to testify in the courts of justice; and here perhaps may be found a key to unlock the mystery of the making up of the remarkable record before us.   The gross carelessness with which it is framed, is quite suggestive of the end in view.

The trial took place before Hon. N. DAYTON, Esq., late

circuit judge of the Eighth Circuit, and Dexter Ewell and John Brooks, two judges of the Court of Common Pleas.

The record is in proper form down to the joining of issue. It then recites : "And afterwards, to wit, at a Court of Oyer and Terminer, and general jail delivery, held in and for the county of Erie, at the court house in the city of Buffalo, on the 23d day of June, one thousand eight hundred and forty-six, before his honor, NATHAN DAYTON, circuit judge of the Eighth District Court of the State of New York, and Dexter Ewell and John Brooks, *justices of said court,* comes the said Thomas A. Weed, and George P. Barker, district attorney, likewise comes. Therefore let a jury thereupon immediately come before the *said justice last above mentioned* of free and lawful men of said county, by whom," &c.

The record then recites the summoning and empanneling of the jurors, who were duly tried, sworn, &c., and proceeds thus : " Who, upon their oaths aforesaid, say that the said Thomas A. Weed is guilty of the felony above charged, in the form aforesaid, as, by the indictment aforesaid, is above alleged against him, and upon this it is demanded by the said Thomas A. Weed whether he hath or knoweth anything to say wherefore *the said justice here* ought not, upon the premises and verdict aforesaid, to proceed to the judgment against him who nothing further saith, unless as before he has said." "Whereupon all and singular the premises being seen, and *by the same justice* now here fully understood, it is considered by *the said justice* that the said Thomas A. Weed, for the felony aforesaid, be sentenced, and *the said justice* thereupon sentenced the said Thomas A. Weed to imprisonment," &c.

From these recitals it appears that Weed was tried, convicted and sentenced by and before one John Brooks, justice of the said Court of Oyer and Terminer, for he is the "*justice last above mentioned*" before whom the jury were directed to appear, and who, as " *the same justice,*" appears to have arraigned the prisoner for sentence and pronounced judgment upon him. Of course Brooks could hold no court for the trial of the plaintiff in error, and could have no jurisdiction to pronounce judgment upon him ; and if we are to

act on the document called a record, brought up by the writ of error, it is manifest we must reverse the. conviction and sentence.   Although we have no question that the recitals of this record are not true, and that in fact Weed was tried and convicted in due form of law by and before a properly constituted Court of Oyer and Terminer; yet the record, if it be one, imports absolute verity, and must control our disposition of the case.

But I think the paper brought up by the writ is not a judgment record.

It is signed by a person subscribing himself as district attorney—not the officer who tried the indictment, but one long subsequently chosen.   At most, it is his much mistaken memorandum of events, of which he had no personal knowledge.

To constitute a record it should have been signed by a judge of the court.   The law on this subject, in criminal proceedings, has not been changed.

The statute, which authorizes a defendant who shall have been convicted or acquitted to require the district attorney to make up a record of judgment, and on his neglect to do so for ten days, provides that "such defendant may himself cause the same to be made up, *signed* and filed" (2 R. S., 738, § 4), has not changed, but recognizes the then existing law.   I know no statute which authorizes the district attorney to "sign" the record.   It is essential to constitute a judgment record that a judge of the court should sign it, and without such signature it is no record.

There is nothing, therefore, before us calling for our interference with the judgment which the Oyer and Terminer rendered against the plaintiff in error.   The court below should have dismissed the writ of error, instead of giving judgment upon it; and it seems to me the disposition this court should make of the case should be to reverse the judgment of the Supreme Court, and order that court to dismiss the writ of error, for the want of any judgment record upon which it could properly act.

DAVIES, J.   The plaintiff in error was indicted in the Oyer and Terminer of Erie county, at a term of said court held at the court house in Buffalo, on the 15th day of June, 1846. It is recited in the caption of the record, that said court was held before NATHAN DAYTON, circuit judge of the Eighth Circuit, and F. P. Stevens, Dexter Ewell and Theodotus Burwell, Judges of the County Court of said county of Erie. After setting forth the indictment, the record states that afterwards, on the 15th day of June, 1846, at the place last mentioned, before the said justices above named, the plaintiff in error was arraigned upon said indictment, and plead not guilty.   And that afterwards, at a Court of Oyer and Terminer and general jail delivery, held in and for said county of Erie, at the court house in Buffalo, on the 23d day of June, 1846, before NATHAN DAYTON, circuit judge of the Eighth Circuit, and Dexter Ewell and John Brooks, justices of said court, the said plaintiff in error and the said People appeared, and therefore, it was said in the record, let a jury thereupon immediately come, before the said justice last above mentioned, who were to inquire the truth of the matter. And it is also recited, that the jurors of the jury came, who, upon their oaths, say that the said Thomas A. Weed was guilty of the felony above charged; and upon rendering said verdict, it was demanded of said Weed if he had anything to say wherefor the said justice here ought not, upon the premises and verdict aforesaid, proceed to judgment against him. Wherefore, it is recited, all and singular the premises being seen, and by the same justice now here fully understood, it is considered by the said justice, that the said Thomas A. Weed, for the felony aforesaid, be sentenced, and the said justice thereupon sentenced the said Thomas A. Weed to imprisonment in the State prison, at hard labor, for the term of three years.   On writ of error to the Supreme Court the conviction was affirmed, and on the 5th day of March, 1864, the plaintiff in error presented his writ of error to this court.

It is now claimed that the judgment should be reversed, on two grounds:  1. Because it does not appear by the record that the defendant was tried, convicted and sentenced by or

before a properly constituted Court of Oyer and Terminer, but that the jury came before the said justice last mentioned, and that John Brooks, who is the justice last named in the record, had no right or authority to hold the court. 2. That the judgment is void for uncertainty, in not naming the prison in which the defendant was to be imprisoned.

Taking the whole record together, it does not appear to be reasonably subject to the criticism of the counsel of the plaintiff in error. The record states that before the three justices named, at a court of Oyer and Terminer, held, &c., came the people and the prisoner, and that thereupon, *immediately*, came before the said justice last above mentioned, the jury, &c. Reading this in connection with the context, it is apparent to all reasonable certainty, that the jury came before the justices just mentioned holding the said court. The jury thereupon immediately came, that is before the said justices, and the like form of expression is used in the subsequent parts of the record, referring to the same justices, although the word justice is written in the singular instead of the plural number. It seems to me, that the word justice, as used in the record, refers to the justices named as holding the Oyer and Terminer, and that the prefix of the words, " the said " or " the same," must make the reference, to all of them, reasonably certain. The language used, would not otherwise be sensible, or have any just or proper connection.

I see no force whatever in the second ground, taken for the reversal of this judgment.

The Revised Statutes provide, that persons convicted of perjury shall be punished by imprisonment in a State prison, not committed upon the trial of any indictment for a capital offense, or for any other felony, for a term not exceeding ten years. (2 R. S., 4th ed., p. 865, § 2.) And § 84, same vol., p. 959, declares that all male convicts sentenced to an imprisonment in a State prison in the eighth judicial district, shall be confined in the State prison at Auburn. There is nothing in the statute requiring the particular prison which the law designates, as the one in which the convict is

to be confined, to be mentioned in the sentence. The court would have no power to designate another or different prison than that prescribed by the legislature, and it would be an idle ceremony to repeat, in the sentence, what the law had irrevocably fixed. There was no error, therefore, in the omission in the sentence, of a designation of the particular prison in which the convict was to be confined.

The judgment of the Supreme Court was reversed.