HILDEBRAND, plaintiff in error, v. PEOPLE.

*Larceny — what constitutes — Clerk's return to writ of error — contents and purpose of.*

The complainant gave the prisoner a $50 bill to take ten cents thereout in payment for a drink. Prisoner appropriated the bill to his own use and gave back no change. *Held,* to be larceny.

The return to a writ of error stated that the prisoner appeared at the trial and was in due form of law tried and convicted. *Held,* that the presumption was that he was present during the trial.

The clerk's entries in his minutes did not contain a statement that the prisoner was asked before sentence whether he had any thing to say why sentence should not be pronounced, etc. *Held,* that such statement was not required by statute in the entries; that returning such entries as the record in a criminal case is not one of the purposes mentioned in the statute for which the clerk is required to make them, and that, in the absence of a formal judgment record made, signed and filed, the court must dismiss the appeal.

ERROR to the court of general sessions of the city of New York to review a conviction for larceny. The plaintiff in error, Deiderick Hildebrand, was tried at the September term of the court of general sessions, 1873, in the city of New York, before the Hon. Josiah Sutherland, city judge, upon an indictment for grand larceny of money. The facts as developed on the trial showed that William Rose, the complainant, on Sunday, September 7th, gave to the prisoner, a bar-keeper, a $50 bill — a greenback — to take out of it ten cents, the price of a glass of soda water he had purchased, and to return the change. The prisoner took the bill and appropriated it to his own use, refusing to give back the change. He was convicted of grand larceny and sentenced to State prison for a term of three years.

*William F. Kintzing,* for plaintiff in error. The judgment should be reversed because it does not appear by the return to the writ of error that the prisoner was personally present during the trial or when judgment was given, nor that the court demanded of him, before sentence, what he had to say why judgment should not be pronounced against him. *Stephens* v. *People,* 19 N. Y. 552; *Messner* v. *The People,* 45 id. 1; *Safford* v. *The People,* 1 Park. 476; 2 Hale's Pleas of the Crown, 400; *Dent* v. *The People,* 1 N. Y. Sup. 655. A case of grand larceny is not made out. 2 East's P. C. 688; *Ross* v. *People,* 5 Hill, 294; *Cary* v. *Hotaling,* 1 id. 311; *Goodale* v. *Tuttle,*

29 N. Y. 460; *People* v. *Call*, 1 Denio, 120; *People* v. *Anderson*, 14 Johns. 294.

*B. K. Phelps*, district attorney, for the people, cited *Reg.* v. *McKale*, 11 Cox's Cr. Cases, 32; *Stephens* v. *People*, 19 N. Y. 549; *Kinney* v. *People*, 2 Gilman (Ill.), 540; *Harriman* v. *State*, 2 G. Greene (Iowa), 270; *King* v. *Marsh*, 6 Ad. & Ell. 236; id. 247; *Safford* v. *People* is doubted in cases in 3 Park. 208, and 6 id.; *Messner* v. *People* is limited to capital cases; *State* v. *Ball*, 27 Mo. 324; *Grady* v. *State*, 11 Ga. 253; *West* v. *State*, 2 Zabr. 212; *People* v. *McGeery*, 6 Park. 653. The position of plaintiff in error is untenable, as no record has been returned with the writ of error. *Thompson* v. *People*, 3 Park. 208; *Dawson* v. *People*, 5 id. 118; *People* v. *Gray*, 25 Wend. 467; *Dent* v. *People*, *supra*.

DANIELS, J. The plaintiff in error was convicted of the crime of grand larceny, upon evidence showing that a treasury note of the denomination of $50 was handed to him to take ten cents out of it for the payment of a glass of soda water. Instead of doing that, he appropriated the entire note to his own use. And the court charged the jury that they could convict of larceny upon this proof. An exception was taken to that portion of the charge, which in effect was the only exception in the case; for those previously taken simply presented the same point in a different form. That the plaintiff in error could properly be convicted of larceny on proof of those facts is a proposition which the authorities have settled against the prisoner. *People* v. *Call*, 1 Denio, 120; *People* v. *McDonald*, 43 N. Y. 61; *Reg.* v. *McKale*, 11 Cox's C. C. 32.

It is also urged in the prisoner's behalf that it does not appear that he was present during the trial. The return states that he appeared in his own proper person, and was in due form of law tried and convicted. As it is nowhere stated that he left the court after he so appeared, the presumption is that he did remain and was present during the whole of the trial. Certainly no presumption to the contrary can be entertained as long as nothing appears to support such an inference. *Stephens* v. *People*, 19 N. Y. 549.

The remaining objection taken in behalf of the prisoner is made upon the omission of the return to show that he was inquired of before sentence, whether he had any thing to say why the sentence should not be pronounced upon him, for the offense of which he

had been convicted by the jury. From the return made to the writ of error it cannot be determined whether this requirement of the common law was observed in this case or not. No record of the proceedings is contained in the case showing what did transpire between the conviction and sentence.

All that has been brought before the court by the writ of error, after the verdict, is the clerk's entry of the judgment pronounced. That entry is not required to state what succeeded the verdict and preceded the sentence, and if made, as it is required to be, could not show whether this inquiry was made or not. What the entry is to contain is prescribed by the statutes of the State. It is required to contain a brief statement of the offense for which the conviction shall have been had, abridged to such an extent from the indictment as to be sufficient to maintain the averments relating to it necessary to be made in an indictment against the same person for a second offense, with the judgment pronounced upon the conviction. 2 R. S. 738, §§ 5, 6. (3 R. S., 5th ed., 1031.) Nothing but the conviction, with the description of the offense for which it may have been had, is required to precede the entry of the judgment pronounced, while the inquiry mentioned must follow the conviction and precede the judgment. And it is just what the statute has nowhere required to be entered by the clerk in his minutes; consequently, it is a circumstance which, in the ordinary course of the proceedings prescribed by the statute, could not properly appear by the entries required to be made by the clerk in his minutes. If judgments pronounced in criminal cases are to be reversed, for the reason that a return like the present one does not show whether this inquiry was made or not, very few criminal judgments can be maintained, even though in all of them the most scrupulous care may have been taken to conform strictly to this requirement of the common law.

The purposes for which the clerk is required to make the entries in his minutes are mentioned in the statute, and that of returning them as the record in the case, in answer to a writ of error, is not among them. These purposes are to enable the clerk to transmit a proper statement of criminal convictions and judgments to the secretary of state, to supply the sheriff with a proper transcript to convey the convict to prison, and to constitute evidence of the conviction and sentence where no record of the judgment has been signed and filed; 2 R. S. 738, §§ 7, 10, 11, 12 (3 R. S., 5th ed., 1032–3, §§ 7, 12, 13, 14); while the judgment the writ of error

issues to review, is that which is rendered upon the indictment, the complete judgment in the case. This is evident from the circumstance that the prisoner is given the right to require the district attorney to make up a record of the judgment, and in case he fails for ten days afterward to do so, the defendant himself may cause the same to be made up, signed and filed. 2 R. S. 738, § 4. (3 R. S., 5th ed., 1031.) There would be neither necessity for nor propriety in such a provision if the judgment could be reviewed on the clerk's entries. And no other object can have been designed to have been subserved by its enactment than to place the proceedings in such a form as would enable the defendant to have them reviewed by writ of error. That the entries of the clerk are not designed to be such a record, is further evident from the section providing when the minutes may be used in evidence; for, by the express terms used, that can only be done in cases where no record of the judgment has been signed and filed. 2 R. S. 739, § 10. (3 R. S., 5th ed., 1032, § 12.) The bill of exceptions provided for, also, is to be returned upon writ of error, as authorized at the time of the enactment of the statute, in personal actions. 2 R. S. 736, § 27. (3 R. S., 5th ed., 1029, § 29.) And that could only be done at that time in those actions where a formal judgment record had been made, signed and filed.

The entire mode of proceedings prescribed for reviewing the conviction and judgment in criminal cases requires a formal judgment record to be made, signed and filed; and, if that is not shown by the return to have been done, the court has nothing before it on which the case can be properly considered. To allow the practice adopted in the present instance to be substituted for that devised by the statute, would be dangerous in the extreme. Certainly a large majority of the felons in the State prisons of this State would be set at liberty under it, if the clerk omitted from his minutes what the law does not require to be entered in them, a statement of the circumstance that the defendant was asked whether he had any thing to say why sentence should not be pronounced upon him, and that, too, when in all the cases the inquiry may, in fact, have been made.

In the absence of a record the court has nothing before it on which it can say whether the objection now under consideration is well founded or not. When a record shall be made, signed and filed, as the statute prescribes, and it shall not appear from it that

this inquiry was made of the defendant before he was sentenced, then it may be necessary, for that reason, to reverse the judgment pronounced, but not the conviction. In that event, as the conviction was in all respects regular, the defendant would have to be brought again before the court, in order to have the inquiry made of him before the sentence, whether he has any thing to say why sentence should not be pronounced; for, where the conviction is regular, that is all the defendant can be entitled to for the purpose of redressing the error, under the terms of the statute relating to these cases. Laws of 1863, ch. 226.

But, as no record has been made by which the point can now be brought before the court for its consideration, the judgment entered in the clerk's minutes can be neither affirmed nor reversed, but the writ of error must be dismissed. *Weed* v. *People*, 31 N. Y. 465.

*Writ of error dismissed.*