.JOHN W. EIGHMY, Plaintiff in Error, v. THE PEOPLE OF
    THE STATE OF NEW YORK, Defendants in Error.

An order of a General Term of the Supreme Court affirming a judgment,
    of a Court of Sessions, upon conviction, is not reviewable in this court on
    writ of error.

The act of 1879 (chap. 449, Laws of 1879), amending the provisions of the
    Revised Statutes in reference to writs of error, applies only to cases
    where after conviction sentence has been suspended or stayed, and such
    conviction has been affirmed by a General Term of the Supreme Court.

It seems, that if the district attorney fails to enter judgment upon the order
    of affirmance, so that a writ of error may be brought, the defendant
    may require it to be done; and the court, on motion, will direct such
    entry.

The fact that a plaintiff in error has received a pardon from the executive
    does not authorize the dismissal of his writ of error; injury may be pre-
    sumed from the judgment until reversed, as the infamy and discredit to
    which he is subjected by it will remain.

As to whether when, after a pardon, the judgment is affirmed by reason of
    proceedings upon the part of the defendant, he will be deemed to have
    waived the benefit of the pardon, *quære*.

(Argued September 30, 1879; decided October 7, 1879.)

MOTION to dismiss a writ of error.

The nature of the writ and the facts appear sufficiently in
the opinion.

*N. C. Moak*, for motion. A writ of error could not be
brought, and this court cannot review the proceedings below
until judgment. (2 R. S., 738, § 4; 2 Edm. Stat., 763;
*Weed* v. *People*, 31 N. Y., 465.) The courts will not take
judicial notice of the granting of a pardon by the executive.
(*U. S.* v. *Wilson*, 7 Pet., 150.) A pardon by the executive
must be specially pleaded in order that the defendant may
have the benefit of it on his trial. (1 Chitty's Cr. Law
[5th Am. ed.], 466–470; Steph. Cr. Law, 377; 1 Bish.
Com. Proc. [2d ed.], §§ 838–848.) If the defendant be par-
doned he may plead it in bar, and he may plead upon arraign-
ment, or after verdict in arrest of judgment, or after judg-
ment in bar of execution. (Steph. Cr. Law, 290; 4 Bl.
·Com., 337–402; *Com.* v. *Lockwood*, 109 Mass., 326; Heard's

Crim. Pl., 295.)   Such a plea must be promptly pleaded.
By taking steps afterward inconsistent with its existence,
defendant waives its benefits.   (1 Bish. Cr. Pr. [2d ed.],
§§ 841-847; Heard's Cr. Pl., 295, 296 ; Stauuf. P. C., 150;
J. Kel., 25 ; 4 Bl. Com., 402 ; *U. S.* v. *Wilson,* 7 Pet., 150.)
In the eye of the law the pardoned offender is as innocent
as if he had never committed the offence.. (Towers' Slander
and Libel [3d ed.], 227, note 1; *Ex parte Garland,* 4 Wall.,
342, 343 ; *U. S.* v. *Paddleford,* 9 Wall., 542, 543 ; 2 Hawk-
ins' Pl. Cr., 547, chap. 37, § 48 [Curwood's ed.] ; 4 Bl. Com.,
402 ; 2 Gabb. Cr. Law, 587; *Louisiana* v. *Baptiste,* 26 La.
Ann., 135 ; 1 Bish. Crim. Law [6th ed.], § 916 ; Arm-
strong's Foundry, 6 Wall., 766, 969 ; *Brown* v. *U. S.,*
Woolworth's C. C. R., 198 ; *Carlisle* v. *U. S.,* 16 Wall.,
147 ; *Matter of Hunt,* 10 Ark. [5th Eng.], 284; *Baum* v.
*Clause,* 5 Hill, 196-198.)   A pardon takes effect on delivery
to the convict and acceptance by him.   (*U. S.* v. *Wilson,* 7
Pet., 150 ; *Ex parte Reno,* 66 Mo., 266 ; *Matter of Depuy,*
3 Benedict, 307; *Com.* v. *Holloway,* 44 Penn., 210; *Grubb*
v. *Bullock,* 44 Geo., 379; Burr Trial, 191–196 ; 8 Blatch-
ford, 89, 96, 98 ; *Com.* v. *Holloway,* 44 Penn., 210, 217, 219.)
The defendant was in jail under the sentence when the par-
don was delivered to him, he availed himself thereof to pro-
cure his release, and has pursuant thereto ever since been at
large ; he cannot now proceed to reverse the judgment.
(*People* v. *Learned,* 5 Hun, 626 ; *People ex rel. Board of Pub-
lic Inst. of Albany* v. *Common Council of Albany,* Court of
App.; *Commonwealth* v. *Lockwood,* 109 Mass., 339 ; *Genet's
Case,* 59 N. Y., 80 ; 3 Thomp. & Cooke, 734 ; *Smith* v.
*U. S.,* 94 W. S., 97; *Wilson* v. *Com.,* 10 Bush. [Ky.], 526 ;
*Leftwich* v. *Com.,* 20 Gratt., 716, 723 ; *Gresham* v. *State,*
1 Tex. App., 458 ; *Moore* v. *State,* 44 id., 595 ; *Brown* v.
*State,* 5 id., 126 ; *State* v. *Marvin,* 15 La. Ann., 495 ; *Com.*
v. *Dowdican,* 115 Mass., 133.)

DANFORTH, J.   Upon the case before us the plaintiff in
error has no standing in this court.   He was indicted for

perjury under the statute, at a term of the Saratoga Oyer and Terminer, and after a plea of not guilty, the indictment was sent to the Court of Sessions, where he was convicted and sent to a State prison. By writ of error the judgment was taken to the Supreme Court and at a General Term thereof held in Albany county in January, 1879, it was affirmed. The error book shows an order of affirmance by that court, but the order although filed does not appear to have been entered in Saratoga county nor has any judgment been rendered thereon. The writ on which the plaintiff in error asks for a review of the proceedings is addressed to the Court of Sessions of Saratoga county and the return is made by that court. No writ appears to have gone to the Supreme Court nor has any return been made by it. This probably was from inadvertence (2 R. S., p. 740, § 17). But assuming the regularity of the other proceedings we cannot examine the record to discover error because there is no judgment of the Supreme Court. (*Weed* v. *People*, 31 N. Y., 465.) The learned counsel for the plaintiff in error contends however that the order of the General Term may be reviewed under the provisions of chapter 449 of the Laws of 1879. We think not. That statute is an amendment of section 15, article 2, title 6, chapter 2, part 4 of the Revised Statutes, and applies only to cases where after conviction sentence has been suspended or stayed and such conviction had been affirmed by a General Term of the Supreme Court. Such an order may be reviewed by this court on writ of error. The one in question is not such an order. The plaintiff in error was not only convicted but sentenced, and after judgment shall have been entered in pursuance of the order of the General Term he will be entitled to a writ of error as of right, under the statute as it stood before amendment. If the district attorney fails to enter judgment the defendant may require it to be done. In *Jackson* v. *Walker* (6 Hill, 261), the court on motion of the defeated party made an order requiring the prevailing party to perfect a judgment of reversal in the Supreme Court in order

that a writ of error might be brought to the Court of Errors, for there was needed for that purpose a judgment as well as an order, and in that respect the practice in criminal and civil cases is the same, although in the former the common law judgment roll may be dispensed with in certain cases, so long as the return complies with the statute, and contains a transcript of the judgment. (*Manke* v. *The People*, 74 N. Y., 415.)

The district attorney puts this motion upon · the further ground that the plaintiff in error has received a pardon from the executive — but this cannot prevail. The pardon issued because he was deemed a fit object of mercy, and in consequence of it the sentence is not enforced; but from the judgment until reversed injury may be presumed. The defendant may not be punished according to its terms, but the infamy and discredit to which by it he is subjected will remain (1 Gr. Ev., § 378, note 1, page 425 [12th ed.]), and although by the law of this State he is now a competent witness the weight of his testimony in any legal proceeding would be affected by the fact of his conviction (§ 832 of the Code). The plaintiff in error does not interpose the pardon, and whether in case the judgment is affirmed by reason of proceedings on his part he will be deemed to have waived the benefit of it we are not now called upon to determine. But upon the ground first considered the motion to dismiss the writ of error must be granted.

All concur.

Motion granted.