## Ex parte WATERMAN.

### (*District Court, N. D. New York.* November 9, 1887.)

CRIMINAL PRACTICE—SENTENCE—PLACE OF CONFINEMENT—POWER OF UNITED STATES DISTRICT COURTS.

A woman, duly convicted in the district court of the Eastern district of New York, was sentenced to be imprisoned in the state prison at Auburn, but the warden refused to admit her, because he was not permitted by the laws of the state to receive female prisoners. The court thereupon, during the same session, but in the absence of the convict, made an order modifying the sentence by substituting the Erie County Penitentiary as the place of confinement. *Held,* on *habeas corpus,* that the criminal jurisdiction of the district courts being purely statutory, and it being apparent from the provisions of Rev. St. U. S. §§ 5541, 5542, 5548, 5546, tit. 70, c. 9, relating to "prisoners and their treatment," that the designation of the place of imprisonment is no part of the judgment, such an order could be made *in absentem.*

On *Habeas Corpus.*
*Tracy C. Becker,* for petitioner.
*M. D. Wilber,* U. S. Dist. Atty., *contra.*

COXE, J. The petitioner, having been convicted in the United States district court for the Eastern district of New York, under section 5457 of the Revised Statutes, was, on the eleventh of October, 1886, sentenced to be imprisoned at hard labor in the state prison at Auburn for the term of three years. On the sixteenth of October, the marshal transported her to Auburn, but the warden of the prison, not being permitted by the laws of the state to receive females, refused to admit her. On the same day,—October 16th,—the court, during the same session, but in the absence of the defendant, made an order modifying the sentence by substituting the Erie County Penitentiary as the place of imprisonment.

The simple question is, could the court lawfully make this order *in absentem?* It cannot be denied that the authorities are unanimous in holding that, where the slightest corporal punishment is inflicted, the defendant must be present in court when the sentence is pronounced. *Sanford* v. *People,* 1 Park. Crim. R. 474, 477; *Dougherty* v. *Com.,* 69 Pa. St. 286; *State* v. *Hurlbut,* 1 Root, 90; *Son* v. *People,* 12 Wend. 345; *People* v. *Winchell,* 7 Cow. 525; *Rex* v. *Harris,* 1 Ld. Raym. 267; Whart. Crim.

Pl. (8th Ed.) §§ 550, 912; 1 Chit. Crim. Law, 695. This rule must, it would seem, apply with equal force to all subsequent modifications of the sentence proper, though apparently formal and unimportant. The moment the right to change the sentence at all, in the absence of the defendant, is conceded, the door is open to the admission of the most radical and sweeping amendments, in direct violation of the humane principle upon which the rule in question rests. If, therefore, the court were now satisfied that this clearly recognized provision of the law had been violated, the case would be a plain one; but it is contended that the designation of the place of imprisonment is no part of the judgment. The criminal jurisdiction of the national courts being purely statutory, it is urged that the court has authority after sentence is pronounced, and in the absence of the defendant, to enter an order at any time during the term naming the prison where the sentence is to be executed; and, further, that the court may, in its discretion, make a general order to this effect, including all or any given number of prisoners sentenced at the term. Section 5541 of the Revised Statutes provides:

"In every case where any person convicted of any offense against the United States is *sentenced* to imprisonment for a period longer than one year, the court by which the *sentence is passed* may *order* the same to be executed in any state jail or penitentiary," etc.

To the same effect are sections 5542 and 5548. By these provisions congress clearly recognizes a distinction between a sentence and an order for the execution of the sentence. After the former has been *passed*, the order is made designating the prison, but the *order* is not necessarily a part of the judgment of the court.

This construction is confirmed by an examination of section 5546, (amended 19 St. at Large, 88,) which permits the attorney general, in certain cases, to change the place of imprisonment of any prisoner of the United States. If the law-makers had regarded the designation of the prison as a part of the solemn judgment of the court, it is hardly probable that they would have lodged with an executive officer the power, not only to change and modify that judgment, but to do this in the absence of the prisoner by a mere stroke of the pen. It is true that, in this district, in every case where an infamous crime has been charged, the defendant's presence has been required at every step of the proceedings, but in other districts the practice adopted in this cause has been sanctioned by judges who have had long experience in administering the criminal law.

The right to change the place of confinement in the absence of the prisoner has been asserted, and frequently exercised; sometimes upon the request of the prisoner himself, sometimes through the solicitation of his relatives and friends, and sometimes from motives of public policy. There can be no reason founded upon principle why the prisoner should be present when the order effecting this change is signed. To require such presence would often be attended, not only with large and useless expense, as in the case at bar, but with annoyance, inconvenience, and delay, not only to the officers of the law, but to the prisoner

himself. This view of the law is further strengthened by a reference to the rule of the Southern district, which provides that "in all cases in which persons convicted of offenses against the statutes of the United States shall be sentenced to imprisonment, and the sentence shall not also specify that the party be kept at hard labor, it shall be the duty of the marshal to cause such party to be imprisoned in any one of the prisons within the city and county of New York which he may select for that purpose." 4 Blatchf. 541.

If the court has the power to make such an order before sentence, why may it not exercise the same right afterwards? If the place of imprisonment may thus be fixed by an order of the court when the presence of the prisoner is impossible, it follows that the order is not an essential part of the judgment, and his presence is not necessary when it is made after the sentence is pronounced. See *De Puy's Case,* 3 Ben. 307, 322; *Weed* v. *People,* 31 N. Y. 465.

A case exactly in point has not been cited by counsel, or found by the court, and, in the absence of controlling authority, the court should hesitate to release the prisoner upon a ground purely technical in character, and involving, it would seem, no substantial right. If she had been brought back by the marshal from Auburn to Brooklyn, neither she nor her counsel would have been consulted, and the court was under no obligation to consult them, regarding the order which changed the place of imprisonment.

It follows that the discharge must be refused.