**Grant H. ECKMAN, Appellant,**

v.

**Donald M. BYINGTON, Appellee.**

**Misc. No. 1171.**

United States Court of Appeals
Ninth Circuit.

April 26, 1961.

Grant H. Eckman in pro. per.

No appearances for appellee.

Before CHAMBERS, JERTBERG and KOELSCH, Circuit Judges.

PER CURIAM.

We are asked by the petitioner, Grant H. Eckman, to grant him leave to appeal in forma pauperis from an order of the district court denying him permission to file a complaint and prosecute an action

1

there without prepayment of fees and costs. The district court certified in writing that the appeal was not taken in good faith within the meaning of 28 U.S.C.A. § 1915.

A thorough consideration of the matter leads us to the same conclusion as that reached by the court below.

Petitioner is imprisoned in the United States Penitentiary at McNeil Island, Washington, where he is serving a sentence imposed upon him by the Superior Court of Alaska as punishment for the commission of the crime of forgery, a felony under the laws of Alaska. He was taken to the penitentiary on March 31, 1960 following conviction.

■■ The complaint which petitioner unsuccessfully sought to file is entitled, "In the Matter of Application for a Writ of Mandamus" and several requests are made therein for the issuance of that writ; but it is readily apparent from the complaint and petitioner's statements accompanying his motion that the action is in fact one to secure a writ of habeas corpus.[1] Petitioner contends that his commitment to the penitentiary on March 31, 1960 was void because on that date Alaska had no statute permitting it to contract with the Attorney General of the United States for the care and custody of state prisoners.[2] He points out that no such statute was in effect until April 16, 1960, when Ch. 133, Alaska Session Laws, 1960, become law.[3] He argues from this that he should be released.

■ However, petitioner would not be entitled to an immediate discharge even if the commitment on March 31, 1960 was void. The validity of the judgment of conviction and sentence imposed upon him by the superior court was in no wise tainted by any invalidity of the commitment and the most that petitioner has shown is the unlawfulness of his place of imprisonment, a matter that could well be corrected by the court in which he was convicted. In re Bonner, 1894, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149; Annotation 76 A.L.R. 468 at 510.

1. As a state prisoner, petitioner should have but did not exhaust the remedies available to him in the courts of Alaska or show that circumstances existed which would render state process ineffective to protect his rights. 28 U.S.C.A. § 2254. His failure to make a showing would have rendered his complaint, if filed, subject to dismissal by the district court; for the same reason an appeal from an adverse judgment would be subject to dismissal here. Pratt v. Hagan, 3 Cir., 1960, 273 F.2d 956.

2. 18 U.S.C.A. § 5003 in pertinent part is as follows:
"(a) The Attorney General, when the Director shall certify that proper and adequate treatment facilities and personnel are available, is hereby authorized to contract with the proper officials of a State * * * for the custody, care, subsistence, education, treatment, and training of persons convicted of criminal offenses in the courts of such State * * *"

3. Alaska Session Laws, 1960, Ch. 133, Secs. 4 and 10 provide:
"Sec. 4. Commitment to Commissioner; Designation of Prison Facility Transfer. All persons convicted of an offense against the state shall be committed for such terms of imprisonment as the court may direct to the custody of the Commissioner or his authorized representative, who shall designate the prison facility where the sentence shall be served.
"The Commissioner may designate any available, suitable and appropriate prison facility, whether maintained by the state or otherwise, whether within or without the judicial district where the prisoner was convicted, or whether within another state, territory or possession of the United States, for the service of sentence by a prisoner. * * *
"Sec. 10. Authority of Commissioner to Contract for Services. The Commissioner shall determine the availability of state prison facilities suitable for the detention and confinement of all persons held under authority of the law of this state. In the event the Commissioner shall determine that suitable state prison facilities are not available, he may enter into an agreement with the proper authorities of the United States, any state, or any political subdivision of this state for the purposes of providing prison facilities for the safekeeping, care, subsistence, proper government, discipline and for the purpose of providing programs for the reformation and rehabilitation and treatment of prisoners. * * *"

■■ But it appears that the error complained of has already been remedied; attached to petitioner's complaint as an exhibit is a copy of an "Amended Judgement and Commitment" made and entered by the Superior Court of Alaska under date of April 22, 1960 and this instrument contains a provision, consistent with Ch. 133 of the 1960 Session Laws of Alaska committing petitioner to the custody of the Commissioner of Health and Welfare of Alaska or his authorized representative for imprisonment.[4]

The petition is denied.

4. Petitioner does not contend that the term of imprisonment stated in the "AMENDED JUDGEMENT AND COMMITMENT" in any way differs from that imposed upon him at the time judgment was pronounced by the superior court. A mere change in place of imprisonment may be ordered by the court in the absence of the prisoner. Ex parte Waterman, D.C.1887, 33 F. 29.