Frank BATTISTA, Petitioner,

v.

Frank KENTON, Warden, Federal Correctional Institution, Danbury, Connecticut, Respondent.

United States Court of Appeals
Second Circuit.

Submitted Dec. 10, 1962.

Decided Jan. 10, 1963.

Frank Battista, petitioner, pro se.

Robert C. Zampano, U. S. Atty., for District of Connecticut, New Haven, Conn., for respondent.

Before MEDINA, WATERMAN and SMITH, Circuit Judges.

MEDINA, Circuit Judge.

Frank Battista was convicted of the crime of illegal sale of narcotics in the Superior Court of the State of Alaska, Third Judicial District, and, on August 22, 1960, was sentenced to imprisonment for a term of four years. Pursuant to the terms of Contract No. JLc–19233 entered into between the Attorney General of the United States and the State of Alaska, as authorized by the federal statute, 18 U.S.C. § 5003, and by the Alaska statute, Alaska Sess. Laws, 1960, c. 133, § 10, he was transferred to the United States Penitentiary at McNeil Island in the State of Washington and, later, to the Federal Correctional Institution at Danbury, Connecticut, where he is now confined. After the denial of his petition for a writ of habeas corpus by Chief Judge Anderson, in the United States District Court for the District of Connecticut, he sought a certificate of probable cause to perfect an appeal to this Court from the order denying his application for the writ; and, on April 30, 1962, the certificate was denied on the ground that, as there was "no substance to the petitioner's claim on which he would base an appeal, the petition must be considered as not made in good faith."

Battista now applies to us for a certificate of probable cause, for leave to prosecute his appeal *in forma pauperis*, for assignment of counsel and for other relief, seeking to raise two questions: (1) the constitutionality of 18 U.S.C. § 5003, according to its terms, and as applied in the case now before us; and (2) alleged deprivation of his right to seek parole before the Alaska State Parole Board.

The prisoner is an indigent person, and he has served a more than sufficient part of his term of imprisonment to make him eligible for parole under Alaska law. Alaska Parole Administration Act, Alaska Sess.Laws, 1960, c. 81, §§ 7, 12(a). It also appears in the record before us that he has made no attempt by habeas corpus, coram nobis or otherwise to obtain a ruling from the Superior Court of Alaska, or other appropriate Alaska state courts, on his contention that 18 U.S.C. § 5003, and Alaska Sess.Laws, 1960, c. 133, § 10, pursuant to which he was transferred, and is now detained in federal custody, are unconstitutional on their face or as applied to him. Nor is there any showing that he has applied to the Alaska Parole Board for parole, and we think there is sufficient in the record before us to warrant the assumption that no such application has been made.

■ *In limine* we must consider the question of exhaustion of state remedies. United States ex rel. Roosa v. Martin, 2 Cir., 1957, 247 F.2d 659. While, superficially, the question would seem to be one of the status of a person confined by virtue of the provisions of a federal statute and hence as involving a federal question, independent of state law, we agree with the ruling of the Third and Ninth Circuits, and we now hold in the case before us, that a prisoner so detained is a state prisoner [1] and that habeas corpus will not lie in the absence of proof that state remedies have been exhausted or are for some reason ineffective to protect the prisoner's rights. Eckman v. Byington, 9 Cir., 1961, 290 F.2d 1; Pratt v. Hagan, 3 Cir., 1960, 273 F.2d 956.

In accordance with our opinion in United States ex rel. Roosa v. Martin, supra, 247 F.2d at 662, having decided that state remedies have not been exhausted, we should not reach out for the merits, even if we think, as did the Ninth Circuit in Duncan v. Madigan, 1960, 278

1. 28 U.S.C. § 2254, provides that the requirement of exhaustion of state remedies applies to "a person in custody pursuant to the judgment of a State court." Battista, who was convicted in the Superior Court of the State of Alaska, clearly falls under the statute; nor did the transfer itself effect any change in his status, since Alaska "retains jurisdiction over" the prisoner transferred to the federal authority which is "deemed to be acting solely as agent" of the State of Alaska. Alaska Sess.Laws, 1960, c. 133, § 10.

F.2d 695, cert. denied, 1961, 366 U.S. 919, 81 S.Ct. 1096, 6 L.Ed.2d 242; 368 U.S. 905, 82 S.Ct. 185, 7 L.Ed.2d 99, that 18 U.S.C. § 5003 is clearly constitutional. This is the ruling upon which Chief Judge Anderson relied in dismissing the writ and denying Battista's application for a certificate of probable cause. We think Duncan v. Madigan, supra, wrongly decided, however, not because we would find any invalidity in the joint federal and state pattern of integration of prison facilities, but because with all due respect, we are of the opinion that the case should have been decided on the basis of a failure to exhaust state remedies. The theory of Duncan v. Madigan, supra, to the effect that the prisoner complains "not of state action, but of the federal detention" seems not to have been followed in the later Ninth Circuit case of Eckman v. Byington, supra.

■ It may not be amiss to add that, even if we were to assume *arguendo,* that, due to some flaw in the joint statutory scheme, Battista is illegally in federal custody, a holding to this effect would not result in his release, but only in his return to Alaska State custody. In re Bonner, 1894, 151 U.S. 242, 259–260, 14 S.Ct. 323, 38 L.Ed. 149.

■ The real thrust of Battista's complaint seems to be that in some way his detention in Danbury has had a prejudicial effect upon his right to apply to the Alaska authorities for parole. If the federal or state legislation, or the application of the two in combination by means of the contract before us, deprived the prisoner of any parole rights he possessed under Alaska law, then, in that event he might well be entitled to some federal relief. But such relief would be available to him only after he had first applied for the same relief in the Alaska state courts, if Alaska law provides an effective remedy.[2] There is no showing,

however, that there is any lack of such a remedy. Moreover, there is nothing in the record before us that even remotely suggests that Battista has been deprived of any rights he possessed under Alaska law.

The result is that there never was anything to prevent Battista from applying to the Alaska Parole Board just as soon as he became eligible for parole. The sooner he files his application the sooner it will be acted upon. We are informed that federal parole officers are available at Danbury and that they will gladly assist Battista to prepare an application to the Alaska Parole Board in proper form.

Application for certificate of probable cause, leave to appeal *in forma pauperis,* assignment of counsel and for other relief is denied for failure to exhaust state remedies.

---

2. The cases are clear that the proper method of securing a hearing or other parole rights wrongfully denied is by mandamus and not habeas corpus. McNally v. Hill, 1934, 293 U.S. 131, 140, 55 S.Ct. 24, 79 L.Ed. 238; Goldsmith v. Sanford, 5 Cir., 1942, 132 F.2d 126, 127, cert. denied, 1943, 318 U.S. 762, 63 S.Ct. 560, 87 L.Ed. 1134.