**Vernon SIDES, Appellant,**

v.

**Harry C. TINSLEY, Warden, Colorado State Penitentiary, Appellee.**

**No. 7703.**

United States Court of Appeals Tenth Circuit.

June 29, 1964.

James L. Burton, Tulsa, Okl., for appellant.

John P. Moore, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., on the brief), for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

Petitioner is presently serving a sentence of life imprisonment imposed upon him by the State of Colorado after a conviction for murder in the first degree. He appeals from an order of the United States District Court for the District of Colorado denying his petition for a writ of habeas corpus. The single issue is whether Colorado has denied petitioner a federal constitutional right by twice denying to him a free transcript of the state trial proceedings. Petitioner is an indigent.

In the instant action petitioner alleges that he was shot before arrest and the " * * * police learned that by pressing on an area where a bullet was lodged at the base of petitioner's head that they could force petitioner to give them any

answer they desired to questions in order to escape the pain caused by such pressure." Though conceding that " * * * the many and varied statements gained by this means were not used against petitioner at his trial," petitioner alleges in the affidavit attached to the traverse that "much information was gained by the aforesaid Detectives from this form of questioning which did lead to forming a case against petitioner that said Detectives could not and would not have had available." He then concludes that access to a transcript of the trial proceedings will allow him to prove that such police conduct prejudicially affected his conviction.

We find it unnecessary to express any opinion relative to the constitutional aspects of petitioner's factual claims or whether his present allegations are sufficient to impose a constitutional duty upon Colorado to furnish him with a free transcript. In denying petitioner present relief the trial court held that petitioner had not exhausted his state remedy, and we hold the ruling to be manifestly proper and thus determinative. 28 U.S.C. § 2254.

On November 16, 1960, petitioner sought a free transcript by application to the Supreme Court of Colorado. The transcript was alleged to be a necessary aid to a writ of review and was denied by the Supreme Court of Colorado because the time for appeal had run. The application made no mention of police "torture." Petitioner's second petition for a transcript was made subsequent to the adoption by Colorado of Rule 35(b), Colorado Rules of Criminal Procedure, which rule provides an adequate post-conviction remedy for the adjudication of petitioner's claims.[1] This petition asserted that the transcript was a necessary aid to relief under Colorado Rule 35(b) because petitioner "believes that there was substantial and reversible error in the trial of his case and wishes to avail himself of his rights under the Constitution of the United States and the Constitution of Colorado and the applicable statutes and decisions to file a proper motion unto this Honorable Court under the rules set forth in the *Colorado Rules of Criminal Procedure: Post Conviction Remedy for Prisoner in Custody*." Again, no mention was made of police conduct. The application was denied by the state trial court and the judgment was affirmed on appeal. Sides v. Colorado, unreported, cert. denied, 374 U.S. 841, 83 S.Ct. 1895, 10 L. Ed.2d 1062. Under comparable circumstances we have held the denial of a transcript to be proper under federal rule. Prince v. United States, 10 Cir., 312 F.2d 252; Frison v. United States, 10 Cir., 322 F.2d 476; Lingo v. United States, 10 Cir., 320 F.2d 260.

Although petitioner now claims that further proceedings in the courts of Colorado would be futile we find no merit to the contention. The circumstances here are distinguishable from those considered in cases springing from Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. See United States ex rel. Almeida v. Baldi, 3 Cir., 195 F.2d 815, 33 A.L.R.2d 1407; United States ex rel. Westbrook v. Randolph, 7 Cir., 259 F.2d 215; United States ex rel. Smith v. Jackson, 2 Cir., 234 F.2d 742. The remedy available to petitioner under Colorado Rule 35(b) is neither doubtful nor obscure nor has it been denied to him.

The judgment is affirmed.

1. "A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the constitution or laws of Colorado or of the United States, * * * may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct it. Unless the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * * The court may stay its order for discharge of the prisoner pending Supreme Court review of the order. * * *"