Joseph Marcel VonEISELEIN, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 8021.

United States Court of Appeals Tenth Circuit.

April 27, 1965.

Bill Earl Tom, Denver, Colo., for appellant.

Banjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka Kan., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

This is an appeal from an order entered in the United States District Court for the District of Kansas, dismissing Von-Eiselein's petition for habeas corpus after a hearing. The petitioner was convicted in the State District Court of Twin Falls County, Idaho on the charge of first degree burglary. He was sentenced to serve a term of 15 years, to run concurrently with another sentence. Von-Eiselein is now serving those sentences in the United States Penitentiary at Leavenworth, Kansas, under an agreement entered into between the U. S. Director of the Bureau of Prisons and the Idaho State Board of Correction. The agreement is authorized by 18 U.S.C.A.

§ 5003 and the Idaho statutes Sections 20–247, 20–248, and 20–249.

The petitioner alleges that he was illegally transferred from the Idaho State penitentiary to the United States penitentiary at Leavenworth, Kansas, and is being illegally held by the warden thereof who has no legal jurisdiction over him. It is not alleged that the Idaho sentences are void nor is it contended that there has been any proceedings in the Idaho State Courts to test the validity of his transfer. In any event, if the transfer were to be declared illegal, the petitioner would not be entitled to release, but would be returned to the Idaho authorities. Eckman v. Byington, 9 Cir., 290 F.2d 1; Battista v. Kenton, 2 Cir., 312 F.2d 167. Petitioner is a state prisoner and not entitled to maintain habeas corpus in federal courts until he has exhausted his remedies in the state courts. Sides v. Tinsley, 10 Cir., 333 F.2d 1002; Sepulveda v. Colorado, 10 Cir., 335 F.2d 581; Keller v. Tinsley, 10 Cir., 335 F.2d 144, cert. denied 379 U.S. 938, 85 S.Ct. 342, 13 L.Ed.2d 348; Henry v. Tinsley, 10 Cir., 344 F.2d 109; Battista v. Kenton, supra; Pratt v. Hagan, 3 Cir., 273 F.2d 956.

Affirmed.