**Robert Bryan PATE, Appellant,**

v.

**Lawrence E. WILSON, Warden of the California State Prison at San Quentin, Appellee.**

**No. 19766.**

United States Court of Appeals Ninth Circuit.

July 28, 1965.

---

2. The action was tried to the Court without a jury.

**901**

inmates in California penal institutions held pursuant to the Compact's terms are "at all times * * * subject to the jurisdiction of the sending state," and may be transferred to an institution of the sending state "at any time" and "for any [lawful] purpose." (Art. IV(c)). Nor is the inmate so confined "deprived" of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state.

The clear and unambiguous language of the Compact provides that the sending state, in this case, Nevada, retains jurisdiction over any inmate confined pursuant to its terms. The State of California acts solely as an agent of the State of Nevada for the purposes of the appellant's incarceration. The prisoner is deprived of no rights he otherwise has by the fact of his transfer.

Appellant admits that he has not applied for a writ of habeas corpus to the courts of the State of Nevada. He cannot claim that Nevada remedies are ineffective since he has not sought to obtain them. As late as November 27, 1964, in Morehead v. State of California, 9 Cir., 339 F.2d 170, 171, this court said that " 'Ineffectiveness' of State relief cannot be established if no attempt is made to obtain that relief." See also the discussion in Morehead v. State of California, supra; Battista v. Kenton, 312 F.2d 167 (2d Cir. 1963); Eckman v. Byington, 290 F.2d 1 (9th Cir. 1961); and Gidney v. Sterling, 202 F.Supp. 344 (E.D.Ark 1961).

As the district court here aptly and properly stated:

"Petitioner alleges that even if a remedy is available in Nevada the circumstances of his incarceration will make it extremely difficult for him to employ counsel and prosecute his case. Presumably the Nevada authorities will undertake to assure him the same access to a post-conviction remedy that he would have if he were incarcerated in the state of Nevada. Any substantial failure to do so might create circumstances

Marshall W. Krause, Arthur Brunwasser, San Francisco, Cal., for appellant.

Harvey Dickerson, Atty. Gen. of Nevada, Daniel R. Walsh, Deputy Atty. Gen. of Nevada, Carson City, Nev., for appellee.

Before BARNES, HAMLEY and KOELSCH, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal from the denial of a petition for a writ of habeas corpus filed in the United States District Court for the District of Nevada. Appellant is a state prisoner serving a life sentence imposed by the First Judicial District of Nevada (Douglas County) for conviction of the crime of kidnapping in the first degree, i. e., for the purpose of robbery. The petition was denied because of appellant's failure to exhaust his state remedies. Jurisdiction below rested on 28 U.S.C. § 2241; here, on 28 U.S.C. § 2253.

The appellant is held in California prison by California authorities acting as agents for Nevada under terms (Art. IV(a)) of the "Western Interstate Corrections Compact." By its express terms,

which would render the state process ineffective to protect petitioner's rights. If such proves to be the case he would of course not be precluded by the 'exhaustion doctrine' from returning to this court for relief."

Affirmed.