PETER DAWSON, plaintiff in error, *v.* THE PEOPLE, defendants in error.

The proceedings of a County Court of Sessions on the trial of an indictment, will not be reviewed on writ of error by the Supreme Court, until a record of judgment shall have been made up and filed; and when a return to a writ of error was defective in this respect, on motion of the district attorney, the writ of error was quashed.

THIS was a writ of error to the Court of Sessions of the county of Kings. The return contained an extract from the minutes kept by the clerk, showing that on the 10th December, 1858, the prisoner was arraigned for an assault and battery, with an intent to kill, and pleaded not guilty. Also, another extract from the minutes of the clerk, by which it appeared that on the 15th of December, 1858, the prisoner was tried for an assault and battery, with intent to kill, and found guilty by the jury. Also, an extract *stating* that on the 23d December, 1858, he was sentenced to imprisonment in the State prison at Sing Sing, for nine years and six months. The last extract, as appeared by the certificate of the clerk, was a memorandum written in pencil upon a piece of paper pinned to one of the leaves of the book containing the minutes. No record of judgment was returned, and never had been made up, and the clerk certified that he had made search for the indictment in his office, and was unable to find it.

*John Winslow* (District Attorney), moved to quash the writ of error.

*S. H. Stuart,* for the plaintiff in error.

*By the Court,* EMOTT, J.   There is nothing brought before us by this writ of error but the rough minutes of the arraignment and trial of the plaintiff in error in the King's County Court of Sessions, together with a copy of a memorandum, which is not even a part of the minutes, and a certificate that

the indictment cannot be found. The clerk has neglected his duty to enter the judgment in the minutes, and the then district attorney failed to make up the record. (2 *R. S.*, 738.) I do not perceive, however, that these omissions of the public officers can be at present of any avail to the prisoner. There is no judgment of the Court of Sessions brought up by the writ of error, and, therefore, there is nothing for us to reverse. The return does not disclose the fact of any judgment or sentence. I do not regard the pencil memorandum which the clerk certifies to be attached loosely to a book of the minutes of the Court of Sessions, as any part of a record. The prisoner cannot review the proceedings upon his trial by a writ of error until a record has been made up, and the 4th section of article one, title six, chap. two, part four of the Revised Statutes points out the manner of doing so, and fully protects his rights.

The present writ of error should be quashed.

SUPREME COURT. Monroe General Term, December, 1860. *Smith*, *Johnson* and *Knox*, Justices.