## UNITED STATES ex rel. CAMPBELL v. BISHOP, Morale Officer.

District Court, S. D. Florida.
March 4, 1930.

Lloyd C. Hooks and R. A. Hendricks, both of Miami, Fla., for petitioner.

Louis S. Joel, Asst. U. S. Atty., of Jacksonville, Fla., for defendant.

RITTER, District Judge.

The petitioner asserts that he is wrongfully confined in the penitentiary because the record, as kept by the clerk of this court, shows the following facts in case No. 1801, United States v. Willard Campbell et al.: On May 17, 1929, Willard Campbell plead guilty to an indictment charging him with violation of the National Prohibition Act (27 USCA) and upon such plea of guilty a sentence was imposed of $500 and two years in the penitentiary in Atlanta, Ga. The original entry of the clerk contained this statement: "It is further ordered that the sentence of two years

in the United States penitentiary be suspended upon payment of the fine of $500.00."

Thereafter a mistake of the clerk in entering this sentence was discovered when compared with the bench docket kept by the judge, and accordingly an order was made correcting the record to show the real order of the court made at the time, as entered in his bench docket at the time, as follows: "It is further ordered that the sentence of two years in the United States penitentiary be suspended upon payment of the fine of $500.00, and that you be paroled to W. F. Fox, Deputy Marshal, and shall report to him every thirty days. Upon violation of any law, parole shall be cancelled and remission to serve term." The correction order states: "Ordered that the Clerk of this Court shall forthwith correct the minutes entered and recorded in this case under date of May 17, 1929, so that said minutes shall conform with the sentence imposed by the Court upon the defendant Willard Campbell, as shown by the entry in the Bench Docket of this Court on said date." Certified copies of the Court record are attached to the petition, which show the above facts.

The records in the case do not in specific words state that the court found the defendant guilty upon his plea of guilty and adjudged him guilty and imposed the sentence.

■ Willard Campbell, by his counsel, now says that he should be released from the penitentiary because the record does not show in direct words that judgment was entered upon the plea of guilty; that this is necessary before the court can impose sentence. It is true that a judgment must be entered upon a verdict, and a judgment must be entered upon the matter of previous conviction embodied in indictments containing charges of other offenses. Here the petitioner is saying that he pleaded guilty, and that, because the court did not directly say that upon his plea of guilty he is found guilty, sentence cannot be imposed. He is here saying that he should be released from the penitentiary, although he is guilty and said he was guilty, because of a few mere formal words in the court record which do not in any way affect the real situation. The record discloses clearly the plea of guilty, and that he was asked by the judge if he had anything to say before sentence should be pronounced upon him, and that sentence was pronounced. It certainly appears, therefore, that as a matter of fact he was adjudged guilty by the court, or he would not have been sentenced.

The day of meaningless technicalities is gone in our judicial procedure, whenever the essentials appear of record to show plainly what the court intended to do and did. That is all that is necessary. Authorities have been cited to show that in a legal sense a conviction is a judgment on a plea of guilty, and that, there being no judgment in so many words entered, there was no conviction. This is a mere quibble. The plea of guilty and the sentence of the court show a conviction and import a judgment, and the record will be construed to show such judgment as a fact. The mere insertion of a few words would not add anything to the clearness of the record and the status of Campbell in this case.

■ To sustain this petition and grant a writ of habeas corpus on such trifling technicalities does not comport with the administration of the criminal laws in this day of our Lord 1930. Furthermore, it would be of no avail to the defendant, for, if the record is incomplete, there stands his plea of guilty, and upon such plea the court can proceed to make a formal order stating that the court found the defendant guilty upon his plea of guilty, and proceed to pronounce sentence. It is not necessary for us to take such action.

■ The petition further alleges that the court had no power to correct its records, for the reason that the term of this court had expired at the time said correction was entered. This court has but one regular term during the year. That term starts on the fourth Monday in April of each year and is continuous throughout the year. The suspended sentence given Campbell carried the case within the jurisdiction of the court during the period of parole, and the question of term of the court does not enter into the matter. The record of the court can be corrected at any time to conform with the facts, and especially can the record be changed at any time under the circumstances here presented, because the bench docket kept by the judge was in fact the correct entry, and the clerk's record should have conformed to it, and later was made to conform thereto, so that the so-called "corrected record" was in fact simply a rewriting of the original order as made by the judge at the time in his bench docket, and is to be considered as having been made at the time the plea of guilty was received and the sentence given. The order made by the court was more of the nature of a nunc pro tunc order, but as a matter of fact no order need to have been made by the court, as the record was fixed at the time by the judge

in his docket, and the clerk should have conformed thereto. No substantive right of Campbell is violated, even if the assertions made are correct. After his plea of guilty, he had no further rights except to make such statement to the court in mitigation of the crime as he might desire, which the record shows he did. He was taken to the penitentiary and there admitted, and has been serving his sentence. He accepted the situation, and cannot now complain of what the clerk of this court may have done in making a mere entry in his books; the entry being sufficient to show what actually happened.

Mr. Justice Day, in the case of Garland v. Washington, 232 U. S. 646 and 647, 34 S. Ct. 456, 457, 58 L. Ed. 772, has stated the present attitude of the United States courts in reference to technicalities in the trial of criminal cases, overruling the harsh doctrine of Crain v. U. S., 162 U. S. 625, 16 S. Ct. 952, 40 L. Ed. 1097, where the failure to arraign the defendant was held fatal. Mr. Justice Day says:

"Technical objections of this character were undoubtedly given much more weight formerly than they are now. Such rulings originated in that period of English history when the accused was entitled to few rights in the presentation of his defense, when he could not be represented by counsel, nor heard upon his own oath, and when the punishment of offenses, even of a trivial character, was of a severe and often of a shocking nature. Under that system the courts were disposed to require that the technical forms and methods of procedure should ·be fully complied with. But with improved methods of procedure and greater privileges to the accused, any reason for such strict adherence to the mere formalities of trial would seem to have passed away, and we think that the better opinion, when applied to a situation such as now confronts us, was expressed in the dissenting opinion of Mr. Justice Peckham, speaking for the minority of the court in the Crain Case, when he said (p. 649): 'Here the defendant could not have been injured by an inadvertence of that nature, etc.' "

Viewed in the light of the statements in this opinion of the United States Supreme Court, we are not disposed to consider the mere technicalities raised by the petition to be of serious moment. Substantial justice is what we are trying to provide in the procedure of our courts, and, where it appears that all the essential rights were given an accused in the presentation of his cause, as disclosed by a record of the court, and the action of the court can be readily ascertained, a mere irregularity or informality will not be held to invalidate the proceedings.

The writ of habeas corpus is denied.