## UNITED STATES v. ROLLNICK et al.
No. 2100.

District Court, M. D. Pennsylvania.
July 1, 1940.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for the Government.

Daniel G. Murphy, of Philadelphia, Pa., Leo G. Knoll, of Scranton, Pa., and Harold L. Fisher, of New York City, for petitioner.

WATSON, District Judge.

On January 23, 1936, the petitioner, Leonard J. Rollnick, was convicted and sentenced in the District Court of the United States for the Northern District of Illinois, for a period of three and one-half years and fined $1,000 to stand committed until such fine should be paid or until discharged by due course of law. Rollnick appealed, and the judgment was affirmed on April 14, 1937. Thereafter, on September 8, 1937, he was surrendered to the jurisdiction of the District Court and a commitment was issued to the United States Penitentiary, Leavenworth, Kansas. On December 23, 1936, the Petitioner was convicted and sentenced in the United States District Court for the Southern District of New York. The sentence, which it is alleged was pronounced, is set forth in an exhibit which is represented to be an excerpt from the official stenographic record of the trial. This exhibit is not certified. The sentence therein noted provides as follows: "The Court: Leonard J. Rollnick. You are sentenced to five years each on Counts 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 19. You are sentenced to two years on Count 20, and sentenced to pay a fine of $5,000. The time of the sentence on Counts 1 to 19, with the exception of the count you were not convicted upon, to run concurrently." The stenographic record does not show any sentence on Count 18, and there is no explanation of the omission. From the same excerpt, there appears to have been a colloquy between the Court and counsel for the petitioner, after the pronouncing of sentence, in which it is shown that the Court knew of the sentence in the Illinois court and assumed that the sentence pronounced would be served consecutively

and not concurrently therewith, and it also appears that the court intended the sentence on Count 20 to run consecutively with and not concurrently with the sentence imposed on Counts 1 to 4 and 6 to 19. It also appears from the same excerpt that counsel for the petitioner at that time stated to the Court that it was his recollection that the sentence imposed was as the Court apparently believed it to be. The Clerk of the District Court for the Southern District of New York recorded the following sentence: "Five years on Counts 1 to 4 and 6 to 19, inclusive, and 2 years, and fined $5000.-00, on Count 20. Sentences on Counts 1 to 4 and 6 to 19, inclusive, are to run concurrently with each other. Sentence on Count 20 to commence on expiration of sentences on Counts 1 to 4 and 6 to 19, inclusive, to be served at a place of confinement to be designated by the Atty. General. Remanded." The commitment issued upon the sentence provided: "Five years on Counts 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19. Two years and $5000.00 on Count 20. Sentences imposed on Counts 1 to 4 and 6 to 19 inc. are to run concurrently with each other. Sentence on Count 20 to commence at expiration of sentences imposed on Counts 1 to 4 and 6 to 19 inc. (Total Jail sentence 7 years)."

Thereafter, the petitioner appealed from the judgment of the District Court for the Southern District of New York, and the appeal was perfected in April, 1937. On July 8, 1937, the following order was made: "It is hereby ordered, adjudged and decreed that the docket entries of the sentence of Leonard J. Rollnick in the case of United States versus Leonard J. Rollnick (C–98–400) under date of December 29, 1936, be corrected to read: 'Leonard J. Rollnick: 5 years on Counts 1 to 4, and 6 to 19 inc. and 2 years and fined $5,000.00 on Count 20. Sentences on Counts 1 to 4 and 6 to 19 inc. are to run concurrently with each other. Sentence on Count 20, to commence on expiration of sentence on Counts 1 to 4 and 6 to 19 inc. Service of sentence on all Counts to run independently of, and not concurrently with, service of sentence heretofore imposed by U.S.D.C. at Chicago, Illinois. To stand committed until fine is paid or otherwise discharged by law. To be served at a place of confinement to be designated by the Atty. Gen'l. Remanded.' Dated, New York, N. Y., July 8, 1937. /s/ Henry W. Goddard, U.S.D.J. Filed: July 8, 1937." Pursuant to this or-

der, an amended commitment was issued on July 8, 1937, providing for a sentence in accordance with the order. On September 4, 1937, the mandate of the United States Circuit Court of Appeals for the Second Circuit was filed in the District Court affirming the judgment of the District Court.

The petitioner was confined in the United States Penitentiary at Lewisburg, Pennsylvania. The petitioner now contends that the sentence legally imposed on him provides for a term of imprisonment of five years; that on May 8, 1939, he was eligible for parole, and that the United States Board of Parole refused to accept his application for parole because the commitments show that his term of imprisonment is ten and one-half years. Whereupon, the petitioner instituted this proceeding for the purpose of correcting the record and determining the correct period of imprisonment which he must undergo by virtue of the proceedings above described.

This proceeding was instituted by the filing of an "Order to show cause, petition and affidavit." The action itself is now represented to be one brought under the New Rules of Civil Procedure, 28 U. S.C.A. following section 723c, but it is obvious that the pleading filed does not comply therewith. Rule 3 provides that "A civil action is commenced by filing a complaint with the court." Rule 4 provides that "upon the filing of the complaint the clerk shall forthwith issue a summons * * *." In the instant case, a summons was not issued for the reason that the Petitioner did not file his pleading as a civil matter but as a criminal matter. The caption of the case also indicates that the Petitioner did not regard his action as a civil proceeding. Through this confusion of pleading, an attempt was made to institute an original proceeding in this court by means of a petition for a rule to show cause and to bring in the defendants or respondents with a rule to show cause rather than a summons. Furthermore, with regard to the rule to show cause, since the effective date of the New Rules of Civil Procedure, rules to show cause have not been properly a part of civil practice. Rule 7(b) provides that all applications to the Court for orders shall be by motion. The rules and forms then clearly indicate that motions are brought before the court by means of a "notice of motion" which serves the purpose of a rule to show cause

and obviates the necessity for obtaining such a rule.

However, certain of the respondents have voluntarily appeared, and do not object in any way to the form of the pleadings, the defects of service, or any other formal irregularity in the institution of this action and request that the Court consider the matter on its merits. Under the circumstances, this Court is impelled to ignore all irregularities and consider the matter as being a properly instituted proceeding for relief.

■■ The petitioner contends that the Clerk of the District Court for the Southern District of New York did not record the sentence pronounced by the learned trial judge. In support of this contention, the petitioner has offered as an exhibit an excerpt from the stenographer's record, to which reference was made above. This exhibit, even if properly certified, which it is not, could not be considered in this Court. It is well settled that the recorded judgment of a court is not subject to collateral attack. As was stated in the case of Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 762, 80 L.Ed. 1283: "Two of the questions certified to us, the first question and the third, make mention of a variance between the commitment and the sentence 'orally pronounced.' If that were the only variance, we should deem it unimportant. The only sentence known to the law is the sentence or judgment entered upon the records of the court. Miller v. Aderhold, supra [288 U.S. 206, 210, 53 S.Ct. 325, 77 L.Ed. 702]; Wagner v. United States, supra [9 Cir., 3 F.2d 864]; Manke v. People, supra [74 N.Y. 415, 424]. If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. People ex rel. Trainor v. Baker, 89 N.Y. 460, 466. But the judgment imports verity when collaterally assailed. Ibid. Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge."

■ The sentence imposed upon the petitioner as it appears in the records of the District Court for the Southern District of New York clearly imposed a term of seven years. If, as the petitioner contends, the record of the court is inaccurate, the petitioner must proceed to correct it by a direct action and not in a collateral proceeding such as this.

■ As to the order of the District Court entered July 8, 1937, in the Southern District of New York which, if valid, would require the service of the sentence imposed in the Southern District of New York to run independently of and not concurrently with the service of sentence theretofore imposed by the United States District Court at Chicago, Illinois, petitioner contends that this order was entered while the case was on appeal, which seems to be borne out by the record in the case, that the District Court was at the time without jurisdiction over the case, and that the order so made was void and of no effect. There is without doubt merit in this contention, and the determination of this question alone might be relatively simple, but the question as to the jurisdiction of this court to award any relief presents some difficulty and must be resolved against the petitioner.

■ It is clear that the remedy of habeas corpus is unavailable at the present time, because the petitioner is not being unlawfully imprisoned and this is conceded by petitioner's counsel. The petitioner, however, contends that he is entitled to a writ of mandamus to compel the Board of Parole to receive his application and in this manner to fix the term of his sentences. In the case of McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, the Court, by dictum, indicated that the proper manner of testing the legality of sentences in a situation such as is present here would be by bringing a proceeding for mandamus against the Parole Board. The petitioner has brought such a proceeding. On the other hand, in the case of Hogan v. Hill, D.C., 9 F.Supp. 975, it was held by Judge Johnson, of this District, that the district courts do not have any original mandamus jurisdiction except that which has been specially conferred upon them by statute. This decision was affirmed by the Circuit Court of Appeals, 3 Cir., 78 F.2d 1017. No statute has been cited or found which confers original mandamus jurisdiction upon the district courts in cases such as this, and this Court is bound to follow the ruling of the Circuit Court of Appeals of this Circuit in the case of Hogan v. Hill, supra.

■ The petitioner also contends that if the Court cannot grant relief in the nature of mandamus, it has the power of

a court of equity to grant a mandatory injunction. The relief thus granted would be that which is properly in the province of mandamus. While it is true that a few courts have granted mandatory injunctions in situations where mandamus is a proper remedy, no ruling of that sort has been found that is controlling of the action of this court. The granting of a mandatory injunction in the present case would result in the assumption of jurisdiction by this Court through the expedient of changing the form of the writ. It is obvious that this cannot be done. The jurisdiction of the cause of action is involved and not a mere procedural barrier. To hold that, by a change of procedure, jurisdiction would exist where none existed before is clearly erroneous.

As a final possibility for the exercise of jurisdiction by this Court, it was suggested that the action might be treated as a proceeding for a declaratory judgment. This Court has considered the suggestion with great care, but has come to the conclusion that this remedy is also unavailable. Without discussing the question of whether a declaratory judgment proceeding would be proper to determine a controversy arising in a criminal matter, it is the opinion of this Court that jurisdiction does not exist in this case for the determination of the questions raised and that there exists an adequate remedy at law.

■■■■■ In a declaratory judgment suit, the United States would be a necessary party, inasmuch as the controversy involves the validity of certain judgments to which the United States is a party and of necessity has a vital interest which would be affected by the proceeding. But the United States is not and cannot be a party to this proceeding because it has not consented to be sued, and such consent cannot be given by its agents, but must be by statute.

■■■■■ Furthermore, the petitioner has an adequate remedy at law and, as has already been indicated, a more complete remedy by direct proceedings against the judgments in the District Court for the Southern District of New York. In such proceeding, all of the records could be corrected to comply with the actual facts of the case.

The Clerk of this Court is directed to file this case as a civil matter, and it is further ordered that the petition filed in the above entitled case is hereby dismissed, and the rule to show cause granted thereon is discharged.