## MOORE v. SHUTTLEWORTH et al.

### No. 11026.

United States Court of Appeals
Sixth Circuit

March 22, 1950.

Writ of Certiorari Denied June 5, 1950.
See 70 S.Ct. 1009.

Joseph B. Kelly, Cincinnati, Ohio (Thomas Willard Eugene Moore, in pro per., on the brief), for appellant.

Vincent Fordell, Detroit, Mich. (Edward T. Kane, Vincent Fordell, Detroit, Mich., on the brief), for appellees.

Before HICKS, Chief Judge, and SIMONS and ALLEN, Circuit Judges.

PER CURIAM.

Appellant, Thomas Willard Eugene Moore, an inmate of the Federal Correctional Institution, Milan, Michigan, instituted a habeas corpus proceeding against C. J. Shuttleworth, Warden, Tom C. Clark, Attorney General, and the United States of America, and has appealed from an order denying the writ.

Appellant was indicted in the District Court of the United States for the Northern District of Texas, Dallas Division. The indictment contained two counts charging separate violations of Title 18, Sec. 72 [now § 494], U.S.C.A. A trial was had by the court without the intervention of a jury and appellant was found guilty as charged in both counts of the indictment and sentenced to a period of imprisonment of three years. He did not appeal.

It is clear that the trial court had jurisdiction both of appellant and of the offense with which he was charged.

It is urged upon us that appellant was convicted upon an indictment which was contrary to the statute, but as a general rule the question of the sufficiency of the indictment is not open upon habeas corpus; neither is the question of the sufficiency of the evidence to support the verdict, and nothing is presented here to take the case out of the general rule.

An attack is also made upon the competency and efficiency of appellant's counsel. This was a matter which, if deemed important, should have been addressed to the consideration of the district court and was no doubt reviewable on appeal but it could not be made the subject of collateral attack on habeas corpus.

We find no reversible error in the record and the order discharging the writ is affirmed.