**Wilbur Donald CHAPMAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13111.**

United States Court of Appeals
Sixth Circuit.

Sept. 10, 1957.

John Paul Jones, Memphis, Tenn., for appellant.

Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., Warren Olney, III, Asst. Atty. Gen. and Millsaps Fitzhugh, U. S. Atty., on the brief, for appellee.

Before SIMONS, Chief Judge, ALLEN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The appellant, Wilbur Donald Chapman, filed this proceeding in the District Court, pursuant to Section 2255, Title

28, U. S. Code, to vacate sentences imposed in that court. The action was dismissed by the District Judge and this appeal followed.

The judgments under attack arise out of the following circumstances. On March 6, 1951, three indictments were returned against the appellant and several co-defendants, containing a number of counts, charging conspiracy, violation of the National Firearms Act, 26 U.S.C. § 5801 et seq., and transportation of stolen property in interstate commerce. On March 9, 1951, the defendants entered pleas of not guilty. At appellant's request the Court appointed counsel to represent appellant alone. No complaint is made of such representation. On April 17, 1951, when the cases were called for trial and the Government was ready to proceed, appellant conferred with his counsel, who thereupon stated to the Court in the presence of appellant that on behalf of the appellant and with his permission, he would like to enter a plea of nolo contendere. He stated to the Court as his reason for the plea the pendency of criminal proceedings against the appellant in Mississippi arising out of the same transactions, involving a possible death penalty if convicted. After assuring himself that the appellant fully understood the effect of a plea of nolo contendere, the District Judge accepted the plea. A judgment was entered under each indictment, sentencing the appellant to five years on each count in the indictment, with the sentences under the various counts in each indictment running concurrently with each other, but to be served consecutively to the sentences in each of the other two indictments, making a total of 15 years. Each judgment contained the following statement:

"On April 17, 1951, came the United States Attorney for this district for the government, and the defendant, Wilbur Donald Chapman, appeared in person and by counsel, Wilburt J. Chiapella, Esquire. The defendant, with leave of court, withdrew his plea of not guilty to the offenses as charged in the indictment heretofore entered, and entered a plea of nolo contendere. * * * "

The appellant began the service of his sentences on that date.

On May 7, 1953, appellant filed in the District Court a motion to vacate sentence. The motion was overruled and no appeal was taken. On December 19, 1955, appellant filed in the District Court a second motion to vacate sentence, which motion was also denied by the District Judge. No appeal was taken. In March 1956, appellant filed in this court a paper entitled "Interpleader for Declaratory Relief," claiming relief under Sections 2201 and 2202, Title 28 U.S.Code. The proceeding was dismissed by this Court on or about April 4, 1956. In June 1956, appellant filed in this Court a paper entitled "Reinstatement and Consideration of Interpleader, etc.," which was also overruled. None of these proceedings raised the question which is now raised by the present motion to vacate which was filed by the appellant in the District Court on November 8, 1956, and denied by the District Judge on November 16, 1956.

Appellant contends in the present proceeding that his plea of nolo contendere, entered for him by his counsel and upon which he was sentenced, was an invalid plea in that his prior plea of not guilty was never withdrawn. He supports this contention by referring to the transcript of the proceedings at the time when the plea of nolo contendere was entered, which does not show any formal or express withdrawal by him of the plea of not guilty. There are several answers to this contention.

■■ Neither habeas corpus nor a proceeding under Section 2255, Title 28 U.S.Code, can be used as a substitute for an appeal. The defect in the pleadings, if any, was shown by the record and any effect which it had upon the validity of the judgment should have been raised by appeal. Sunal v. Large, 332 U.S. 174, 177–179, 67 S.Ct. 1588, 91 L.Ed. 1982; United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed.

232. It can not be raised by the present motion to vacate under Section 2255, Title 28, U.S.Code. In re Eckart, 166 U.S. 481; Moore v. Shuttleworth, 6 Cir., 180 F.2d 889, certiorari denied 339 U.S. 987, 70 S.Ct. 1009, 94 L.Ed. 1389; Sanders v. Johnston, 9 Cir., 165 F.2d 736, certiorari denied 334 U.S. 829, 68 S.Ct. 1328, 92 L.Ed. 1757, rehearing denied 335 U.S. 838, 69 S.Ct. 7, 93 L.Ed. 390; Bertsch v. Snook, 5 Cir., 36 F.2d 155, 155–156; Dean v. United States, 8 Cir., 33 F.2d 68, 69.

■ The contention ignores and is contrary to the express words of each of the three judgments, which state, "The defendant, with leave of court, withdrew his plea of not guilty to the offenses as charged in the indictment heretofore entered and entered a plea of nolo contendere." The Court speaks through its judgment which imports verity when collaterally attacked. If the entry is inaccurate there is a remedy by motion in a direct proceeding in the same action to correct it to the end that it may speak the truth. Rule 36, Rules of Criminal Procedure, 18 U.S.C.A.; Rupinski v. United States, 6 Cir., 4 F.2d 17, 18; Foster v. Zerbst, 10 Cir., 92 F.2d 950. Until corrected in a direct proceeding the Court will close its ears to a claim that the written judgment is actually not the judgment of the Court. Hill v. U. S. ex rel. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283; Clark v. Memolo, 85 U.S.App.D.C. 65, 174 F.2d 978, 980–981.

■ The present proceeding under Section 2255, Title 28, U.S.Code, is not a direct proceeding in the same action to correct the judgments for reason of clerical mistake, but is an independent and collateral attack upon the judgments as they stand. United States v. Hayman, supra, 342 U.S. 205, 222, 72 S.Ct. 263, 96 L.Ed. 232; Taylor v. United States, 8 Cir., 229 F.2d 826, 832, certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500; Simmons v. United States, 10 Cir., 230 F.2d 73, 74; Bruno v. United States, 86 U.S.App.D.C. 118, 180 F.2d 393, 395; United States v.

Stevens, 3 Cir., 224 F.2d 866. They are not void judgments subject to such collateral attack. United States v. Rollnick, D.C.M.D.Pa., 33 F.Supp. 863, 866; Riley v. Pescor, D.C.W.D.Mo., 63 F.Supp. 1, 3; Fisher v. Schilder, 10 Cir., 131 F.2d 522, 524; Clark v. Memolo, supra, 85 U.S.App.D.C. 65, 174 F.2d 978, 980–981. Until they are corrected, if correction is required to make them conform to the facts, we must accept them as they read. Hill v. U. S. ex rel. Wampler, supra; Clark v. Memolo, supra.

■ Even if we consider the present proceeding as a motion to correct the judgments, we are of the opinion that the District Judge was correct in denying the motion. Man expresses himself by his actions as well as by his words. Battjes v. United States, 6 Cir., 172 F.2d 1, 5; Hill v. Waxberg, 9 Cir., 237 F.2d 936, 938–939; Gicinto v. United States, 8 Cir., 212 F.2d 8, 11, certiorari denied 348 U.S. 884, 75 S.Ct. 125, 99 L.Ed. 695. With the case ready to be tried, with an imposing array of government witnesses present, appellant and his attorney took time out to confer and decided not to go to trial but to accept a sentence if a plea of nolo contendere would be accepted by the Judge. The acceptance of this proposal by the Judge, the imposition of a sentence by the Judge and the acceptance of the sentence by the appellant without a jury trial and without objection by him or his attorney indicate as forcefully as if said in express words that the plea of not guilty was knowingly withdrawn. In United States ex rel. Campbell v. Bishop, D.C., 39 F.2d 208, 209 (affirmed 5 Cir., 47 F.2d 95), the Court said: "The day of meaningless technicalities is gone in our judicial procedure, whenever the essentials appear of record to show plainly what the court intended to do and did. That is all that is necessary, * * * The plea of guilty and the sentence of the court show a conviction and import a judgment, and the record will be construed to show such judgment as a fact." As said in People v. Williams, 225 Mich. 133, 138, 195 N.W. 818, 819, involving a similar situa-

882

tion, it "would be overtechnical and make mere form control substance" to require a separate, formal withdrawal of a prior plea of not guilty before accepting a plea of guilty. The lapse of more than five years from the date of sentence to the filing of the present action, and the service of that much of the sentence, indicates the interpretation which appellant himself gave to the proceedings and completely answers his contention that his plea of not guilty was never knowingly withdrawn. Compare: Begnaud v. White, 6 Cir., 170 F.2d 323, 325–326. The judgments correctly reflected what actually transpired. Appellant's contention that the plea of not guilty was never withdrawn is accordingly rejected. This being the only attack made upon the judgment, the proceeding was properly dismissed.

The judgment is affirmed.